UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                   Plaintiff,                        Case No. 15-cv-10148

v                                             Honorable Thomas L. Ludington

GEORGE A. KOUTRAS,

                   Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DIRECTING SUBMISSION OF PROPOSED JUDGMENT**

Plaintiff United States filed its complaint in the present action against Defendant George A. Koutras on January 14, 2015. ECF No. 1. Plaintiff seeks payment in the amount of $18,034.43 for unpaid consolidated student loans issued to Koutras by the United States Department of Education, together with interest, administrative costs, and attorney's fees. *Id.* Koutras filed an answer on March 30, 2015, alleging that he had not been enrolled in college since 1997, and that he had not knowingly received any student loans "from 4/20/00 and beyond." *Id.* Koutras further alleged that he had not consolidated any student loans, and that he had not knowingly received any student loans to the best of his knowledge. *Id.*

Plaintiff United States then filed a motion for summary judgment on August 27, 2015. As an exhibit to its motion, Plaintiff attached a federal direct consolidation loan application and promissory note signed by Defendant George A. Koutras on April 20, 2000. ECF No. 12 Ex. 2. Through that document, Koutras consolidated his student loans under a standard repayment plan. *Id.* Koutras also signed a promissory note, promising to pay all consolidated loans, plus interest and other fees. *Id.*

Plaintiff United States also attached a Certificate of Indebtedness from the United States Department of Education. ECF No. 12 Ex. 3.  There a loan analyst certified under penalty of perjury that Department records showed Koutras had received a direct consolidated loan from the Department in the amount of $8,473.13 pursuant to the April 20, 2000 loan consolidation and promissory note.  The analyst further swore that Koutras defaulted on the obligation on May 24, 2004, and that $1,627.69 in unpaid interest was capitalized and added to the principal balance. *Id.*  As of August 26, 2014, the Department had credited a total of $1,690.48 in payments from all other sources to the balance, and Koutras was indebted to the department in the amount of $17,730.52. *Id.*  This amount was based on $9,833.77 in principal debt and $7,896.75 in interest. *Id*.  The analyst further swore that interest on the principal accrues at a rate 8 percent, or $2.15 per day.  *Id*.

Based on these documents, Plaintiff United States seeks summary judgment on its breach of contract claim against Koutras.  Plaintiff alleges that as of August 26, 2015, Koutras was indebted to it in the amount of $18,517.24.  Defendant Koutras did not file a response to the motion.  Because there are no material facts in dispute, Plaintiff's motion for summary judgment will be granted.

**I**.

**A.**

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the

opposing party, who must set out specific facts showing "a genuine issue for trial." *Anderson v.*
*Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986.   "The court need consider only the cited materials,
but it may consider other materials in the record."  Fed. R. Civ. P. 56(c).

If an opposing party fails to properly address the factual assertions of the moving party,
the court may "consider the facts undisputed for the purposes of the motion" and "grant
summary judgment if the motion and supporting materials – including the facts considered
undisputed – show that the movant is entitled to it."  Fed. R. Civ. P. 56(e).  As explained by the
Sixth Circuit:

> This burden to respond is really an opportunity to assist the court in understanding
> the facts. But if the non-moving party fails to discharge that burden—for example,
> by remaining silent—its opportunity is waived and its case wagered.  Nothing in
> either the Rules or case law supports an argument that the trial court must conduct
> its own probing investigation of the record.

*Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).  Because there are no
material facts in dispute, summary judgment will be granted in favor of Plaintiff United States on
its claim.

**B.**

Plaintiff United States argues that summary judgment is appropriate because it has
carried its burden of showing contract formation, breach by Defendant Koutras, and damages.
The promissory note attached to the Government's motion for summary judgment establishes
that Koutras consolidated his student loans on April 20, 2000. ECF No. 12 Ex. 2.  A loan analyst
certified under penalty of perjury that Davis had defaulted on the loan on May 24, 2004, was
indebted to the United States by virtue of the direct consolidation loan from the United States
Department of Education, and owed $17,730.52 as of August 26, 2014. Declarations made under
penalty of perjury may be submitted in lieu of affidavits in federal court. 28 U.S.C. § 1746.  The

United States has therefore established a prima facie case that it was entitled to collect on the promissory note. *See U.S. v. Davis*, 28 Fed. App'x 502, 503 (6th Cir. 2002).

In his answer to the complaint, Koutras alleged that he did not consolidate any loans and that he did not knowingly receive the $9,833.77 in student loans.  Koutras has not provided any evidence to support these claims.   In the absence of any other facts casting doubt on whether Koutras signed the agreement, his lack of recollection of signing the agreement is insufficient to render the agreement unenforceable. *See Emeronye v. CACI Intern., Inc.,* 141 F.Supp. 2d 82, 86 (D.C. 2001). Koutras has also failed to show any special circumstances that would negate his knowing and voluntary consent to the contract.  Accordingly, Koutras has not met his burden of proving the nonexistence of his payment obligation. *Davis,* 28 Fed. App'x at 503.   Because Koutras has not shown the existence of any material facts, summary judgment will be granted in favor of Plaintiff United States.

## II.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file a proposed judgment on or before **December 11, 2015**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 25, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 25, 2015.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager